IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-59 (WLS) |
| | : | |
| ERICA ADDERLY | : | |
| | : | |
| Defendant. | : | |
| | : | |

**AMENDED ORDER**

The Court entered an Order Memorializing the Revocation Hearing of Defendant Erica Adderly on September 18, 2023. The Court hereby amends that Order to reflect the following text:

On September 14, 2023, this Court held a hearing on the Government's Petition (Doc. 53) to revoke Defendant Adderly's supervised release, which was filed on August 14, 2023. Previously, Defendant pleaded guilty to Count I of the one-count indictment, which was failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C § 2250(a). Defendant was sentenced on September 23, 2021, for period of time served, with a supervised release of five (5) years, complying with mandatory, standard, and special conditions of supervision (Doc. 42). Defendant's supervision, therefore, began on September 23, 2021.

On August 14, 2023, the United States Probation Office petitioned this Court for a summons (Doc. 53). The Petition alleged that Defendant violated the conditions of her supervised release on four (4) occasions. At the revocation hearing held on September 14, 2023, Defense Counsel acknowledged that Defendant had been provided with a copy of the

Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of her rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in her defense; and to testify (Defendant was also advised that she was not required to testify or present a defense and whether she would testify was her decision)—all of which Defendant acknowledged she understood. The Court also confirmed from Defendant that she had received the Petition (Doc. 53) and Revocation Report (Doc. 58) and reviewed them. Neither the Government nor the Defendant had objections to the Report. Defendant stated she had spoken to her counsel about the Petition and wished to have a hearing on it.

At the hearing, in response to the allegations regarding failure to attend drug screening and sex offender treatment sessions, Defendant testified that she had failed to attend because of a surgery, threats to her because of government cooperation, and payment issues. In response to the allegations regarding failure to report to a U.S Probation Office in the Middle District of Georgia, Defendant testified that she had attempted to register as a sex offender in Atlanta, Georgia because it was the closest office she could find when she arrived in Georgia but that she intended to move to the Middle District as instructed by the probation office. The Government cross-examined the Defendant. Under cross-examination, the Defendant testified that she had missed the appointments that the petition alleged that she missed, and she testified that she had passed through other counties on the way to Atlanta in which she could have registered as a sex offender.

In closing, the Government argued that it had sufficient evidence to establish that the violations occurred as laid out in the petition by preponderance of the evidence. Defense argued that the Court should consider that (1) even though Defendant missed her drug test

2

appointments, she never tested positive at the other drug testing appointments during that period; (2) Defendant had a number of things she had to juggle during the time she missed the sex offender treatment appointments; (3) the probation officer did not recommend that Defendant's supervised release be revoked after missing the drug test and sex offender treatment appointments; and (4) Defendant's attempted registration as a sex offender in Atlanta reflected a commitment to, ultimately, comply with the terms of her supervision.

After hearing from the Government, Defense counsel, and Defendant, the Court found that the petition had been established with regard to violations one, two, three and four, by preponderance of the evidence.[1] The Court noted that Defendant's lack of stable housing, which remains ongoing, may have contributed to the violations. Accordingly, the Court found that final disposition should be continued for at least thirty days to allow Defendant the opportunity to stabilize her housing.

For the aforementioned reasons, the Court shall **CONTINUE** final disposition and further hearing for no less than thirty (30) days to make appropriate disposition.

**SO ORDERED**, this 20th day of September 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copela*nd, 20 F.3d 412, 414 (11th Cir. 1994). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).